OPINION
On March 31, 2000, Defendant-Appellant Steven Douglas Johnson pled no contest to two counts of felonious assault with a deadly weapon and one count of burglary. Thereafter, the trial court sentenced Johnson to seven years on each count of felonious assault to be served consecutively, and eighteen months for the burglary count to be served concurrently with the other two counts. Johnson appeals this sentence raising the following assignment of error:
 The trial court erred in sentencing defendant to consecutive sentences on the two counts of felonious assault, as a consequence of it's [sic] failure to make the findings required by O.R.C. 2929.14(E)(4).
In order to impose consecutive sentences, R.C. 2929.14(E)(4) provides a two-tier analysis that the trial court must consider. First, the court must find:
 that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, * * *. (emphasis added)
Once the court finds that these factors have been satisfied, it must also find at least one of the following applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a [community control sanction] or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Further, R.C. 2929.19(B)(2)(c) explicitly requires the trial court to make findings incorporating its reasons for imposing consecutive sentences under R.C. 2929.14. State v. Davenport (Jan. 8, 1999), Montgomery App. No. 17098, unreported, at p. 7. In other words, the trial court must conduct the above analysis and give reasons supporting its findings on the record prior to sentencing the defendant. The judgment of the trial court will be reversed if these findings are not explicitly made. Id., citing State v. Hinrichsen (Oct. 10, 1997), Greene App. No. 97 CA 24, unreported.
The debate between the parties in this case centers around whether the language used by the trial court at the sentencing was statutorily sufficient for the court to impose consecutive sentences. In this regard, the trial court stated just prior to sentencing Johnson:
 And I recall that [the victims] were here several weeks ago, both young ladies, and made a very nice presentation to me. It was a hearing which had to be very traumatic for them, but they had the courage to come here and speak their minds about the impact on them and how it has so grievously affected both their lives. The conduct by this man in this case can't be explained by any rational explanation. What he did was horrible. What he did was absolute violation of the rights of these two young women, and the impact on them isn't known to all of us at this point except we know that the impact on both of them is extremely serious. What he did — I have not heard any remorse from him. What he did is just totally outside the bounds of human behavior. It can't be justified by any explanation that has any logic to it whatsoever. I have considered what they told me. I also considered the numerous things that defense counsel has told me about his client. And I spent a lot of time thinking what I should do in this case. I did consider the reports I got from Mr. Pavelka, and the report I got from Dr. Hrinko. And having considered all of those things, I now proceed to impose sentence on Steven Johnson, who has committed such grievous crimes against the victims. In this case, he committed the charges of felonious assault, injured them, and the results I am sure are permanent. In this case, with respect to Steven Johnson, having considered the purposes and principals [sic] of sentencing in Ohio law, the seriousness factors and recidivism factors * * *
The state argues that the trial court was not required to parrot the precise words of the statute to support its imposition of consecutive sentences. In making this argument, the state relies on State v. Miesse (Aug. 18, 2000), Clark App. No. 99-CA-74, unreported, at pp. 6-7 (finding the trial court sufficiently supported its imposition of consecutive sentences), and State v. Riley (Oct. 29, 1999), Clark App. No. 99-CA-34, unreported, at pp. 2-3 (finding the trial court sufficiently supported its imposition of the maximum sentence). Both of these cases found the language employed by the trial court sufficient to support their imposition of sentence, even though the courts did not employ the precise words of the statute.
We agree that a trial court need not state word-for-word the language found in the statute when imposing consecutive sentences. However, both the Miesse and Riley courts addressed each of the necessary factors of the respective sentencing statutes, whereas the trial court in the present case did not. In imposing consecutive sentences, the Miesse court found:
 * * * that the shortest term would demean the seriousness of the offense and * * * the Defendant committed the worse [sic] form of the offense in that the victims in this case were under 13 years of age. * * * the Defendant poses the greatest likelihood of committing further crimes * * * he had a position of trust in [his participation in youth church groups] and violated that position of trust with the children who are under his care and control and * * * the public needs protection from this type of conduct."
Miesse, supra. Similarly, the Riley court referenced the necessary factors required to impose a maximum sentence. Riley, supra, at p. 2.
In the present case, the trial court indirectly addressed some aspects of R.C. 2929.14(E)(4), but did not make all of the necessary findings. Primarily, the court discussed at great length the seriousness of the crime and its impact on the victims. The details considered by the trial court on the record could potentially satisfy the requirement that consecutive service is necessary to punish Johnson and possibly that the sentences are not disproportionate to the seriousness of his conduct.
However, the court did not address the necessity to protect the public or whether the consecutive sentences were disproportionate to the danger Johnson poses to the public. As for the second tier of the analysis, it is possible either (a) or (b) apply, but neither was fully developed enough to clarify which the court intended.
Although the court is not required to mirror the statutory language, it is required to clearly address each of the factors necessary to impose consecutive sentences. This was not accomplished at Johnson's sentencing.
Based on the foregoing discussion, we find that the trial court did not adequately address the statutory factors required to impose consecutive sentences. Accordingly, we must reverse and remand for re-sentencing on the two counts of felonious assault. See Davenport, supra. However, as we have stressed before, the trial court must conduct a new inquiry into sentencing on remand:
 [T]he trial court should first reexamine the evidence presented in this case and then impose appropriate sentences for the [felonious assault] counts by applying the correct statutory factors, making the necessary findings, and expressly stating its reasons for imposing such sentences on the record. The trial court should not simply make a finding on the record to support the imposition of its original [consecutive] sentences * * *. Instead, the trial court needs to redetermine what the appropriate sentences for the [felonious assault] counts should be and then state its reasoning for such conclusion on the record. We do not mean to suggest, however, that the trial court is precluded from reimposing the original sentences if, upon proper analysis, it remains convinced that they are appropriate.
State v. Miller (Jan. 26, 2001), Montgomery App. No. 18102, unreported, at p. 6.
 __________ BROGAN, J.
FAIN, J., and GRADY, J., concur.